J-A26003-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| WILFREDO RODRIGUEZ-CLAUDIO | |
| Appellee | No. 394 MDA 2014 |

Appeal from the Order Entered January 29, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0000920-2012

BEFORE:  BOWES, J., MUNDY, J., and JENKINS, J.

CONCURRING STATEMENT BY MUNDY, J.:      **FILED OCTOBER 23, 2014**

I concur in the result reached by the Majority that the trial court erred in dismissing the severed violation of the Uniform Firearms Act (VUFA) charge on the grounds of the collateral estoppel component of the Double Jeopardy Clause.  I do so, however, on a different basis than that relied upon by the Majority.  I agree with the Majority that, to the extent the trial court determined the jury **must** have concluded Appellant was not in possession of the firearm when it acquitted him of possession of an instrument of crime (PIC), its determination was too narrow.  Rather, as the Majority notes, the jury could have premised its verdict "upon a finding that Appellee acted justifiably when he fired his shotgun at assailants pursuing his sister."  Majority Memorandum at 8.  Implicit in the Majority's position, is that the jury's finding of justification is not available as a defense to the

possessory VUFA charge. If it was, the trial court's application of collateral estoppel in this case would be proper, based on this alternative finding by the jury. This Court has recently speculated about the applicability of a justification defense to possessory offenses without resolving the issue.

In **Commonwealth v. Valcarel**, 94 A.3d 397 (Pa. Super. 2014), the defendant was charged with unlawfully possessing a weapon in prison.[1] **Id.** at 397. Prior to trial, the Commonwealth filed a motion *in limine*, seeking to preclude the defendant from introducing evidence supporting his claim of justification.[2] **Id.** at 398. The trial court precluded the evidence, and the defendant appealed. **Id.** On appeal, the **Valcarel** panel did not directly address the Commonwealth's position that justification was not an available defense to the charge. Rather, it held that assuming *arguendo* the defense was available, the defendant did not establish the necessary conditions precedent for the defense. **Id.** at 401-402, *citing* **Commonwealth v. Stanley**, 446 A.2d 583, 589 (Pa. 1982) (applying standards articulated in **People v. Lovercamp**, 118 Cal. Rptr. 110 (Cal. Ct. App. 1974)).

In **Commonwealth v. Moore**, 49 A.3d 896, (Pa. Super. 2012), this Court was confronted with a similar scenario as that presented in the instant case. In **Moore**, the defendant was charged with homicide and attempted

---

[1] 18 Pa.C.S.A. § 5122(a)(2).

[2] The defendant claimed he secured the shiv at issue because of threats from other inmates and prior attacks on him and his best friend in the prison. **Id.** at 398-399.

homicide counts, together with PIC and VUFA. *Id.* at 897. The trial was bifurcated, deferring the VUFA charge until after verdict on the remaining charges. *Id.* The defendant claimed self-defense at trial. *Id.* A jury acquitted Moore of all the homicide charges but convicted him of PIC and, in the second phase of the trial, the VUFA charge. *Id.* On appeal, this Court determined that the defendant's conviction for PIC was not supported by sufficient evidence because the Commonwealth had not proven intent to employ the firearm criminally. *Id.* at 901. The *Moore* Court, however, declined to consider whether self-defense is an available defense to VUFA because the defendant continued to possess the gun after the need for self-defense had passed, providing an independent basis for the appellant's conviction of that offense. *Id.* at 903.

In the instant case, testimony at trial indicated that Appellee, after the shooting, retained possession of the firearm and transported it to a new location at the home of co-defendant, leaving it with co-defendant's wife. N.T., 9/30/13 to 10/2/13, at 281-282. I conclude, therefore, consistent with *Moore*, Appellant's alleged actions after the shooting, when the need for self-defense was arguably abated, provide a basis for prosecution of the VUFA charge independent of the jury's verdict. It is on this basis that I conclude the trial court erred in its application of the collateral estoppel component of the Double Jeopardy Clause to preclude the Commonwealth's

further prosecution of Appellee on the VUFA charge. With these clarifications, I concur in the result reached by the Majority.

Judge Bowes and Judge Jenkins join this concurring statement.